*In the Matter of William Rounds*, Case No. 1533, September Term 2021.
Opinion by Wells, C.J.

**PUBLIC SAFETY– HANDGUN CARRY PERMITS – GOOD AND SUBSTANTIAL REASON**

To legally carry a handgun in Maryland a citizen must apply for a permit. Under Public Safety § 5-306(a)(6)(ii), the regulating authority, the Maryland State Police (MSP), was, until recently, tasked with determining whether an applicant had, among other requirements, "a good and substantial reason" to carry the handgun "as a reasonable precaution against apprehended danger." That requirement disappeared with the United States Supreme Court decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843, 597 U.S. --- (June 23, 2022), which held that requiring an applicant to provide a state regulating authority with "a good and substantial reason" to obtain a handgun carry permit is unconstitutional. Because Maryland's statute is virtually identical to the New York statute the Supreme Court declared unconstitutional, this Court concludes the requirement that an applicant provide MSP with "a good and substantial reason" before obtaining a handgun permit is also unconstitutional and of no legal effect.

Circuit Court for Somerset County
Case No. C-19-CV-21-000013

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1533

September Term, 2021

_____

IN THE MATTER OF WILLIAM ROUNDS

_____

Wells, C.J.,
Reed,
Salmon, James P.,
    (Senior Judge, Specially Assigned)

JJ.

_____

Opinion by Wells, C.J.

_____

Filed: July 27, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This appeal arises from the denial of a renewed handgun carry permit to appellant, William Rounds, by appellee, the Maryland State Police (MSP). MSP's denial was based on its finding that Rounds lacked "good and substantial reason" to carry a handgun, since he failed to provide documented evidence of an objective threat to his safety. The denial was affirmed by an Administrative Law Judge for the Office of Administrative Hearings (OAH), and then by the Circuit Court for Somerset County.

On appeal, Rounds presents two questions for our review:

1. Under "Good and Substantial Reason" in the Secretary/Superintendent's Standard Operating Procedures of the Maryland State Police, when, how and by whose authority was actual assault or threat added to "Apprehended danger"?

2. Was "age discrimination" a factor in denying Appellant his Concealed Carry Permit?

We need not address these questions directly. Pursuant to the United States Supreme Court's recent ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843, 597 U.S. --- (June 23, 2022), we are obligated to hold the "good and substantial reason" requirement of the Maryland statute under which Rounds was denied a permit—PUBLIC SAFETY § 5-306(a)(6)(ii)—unconstitutional. Therefore, we shall reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

Rounds has an established history of training and experience with the use of firearms. He is a U.S. Army veteran, a lifetime member of several gun-related organizations, and has both received and provided training in firearms handling, shooting, and safety. Rounds has also long held concealed carry permits, both in Maryland and in

other states. Rounds initially held a permit in Maryland in the 1980s until he moved out of state. In 2006, after moving back to Maryland, Rounds applied for and was again granted a handgun carry permit. Every three years since, Rounds has applied for a renewal of the permit, and MSP has granted one, until 2017. Upon MSP's denial in 2017, Rounds appealed to the Handgun Review Board[1] which granted his renewal. Rounds also holds unrestricted carry permits for Delaware, Pennsylvania and Utah.[2]

According to Rounds, he has consistently indicated on his Maryland applications that his "good and substantial reason" for carrying a handgun is that he frequently purchases silver (often in the form of coins) for personal investment from persons unknown to him, and he sometimes carries cash in amounts between $500 and $3,000 to make these purchases.

In March 2020, Rounds applied for his 2020 carry permit renewal, citing once more his silver-purchasing activities. The Handgun Permit Section of MSP denied his renewal, explaining that he had not provided "documented evidence of threats or assaults against him that would rise to a good and substantial reason for the issuance of a permit." Rounds requested and received an informal review with MSP, which sustained the denial. Rounds then requested a hearing by OAH. In that hearing, Rounds stipulated that he does not operate a business, and had received no threats, assaults, or attacks, documented or

---

[1] The Handgun Permit Review Board was abolished in 2019, and the Office of Administrative Hearings replaced it as the administrative body to whom a denial of a handgun permit can be appealed. 2020 Maryland Laws Ch. 2 (H.B. 1343 (2019)); MD PUBLIC SAFETY § 5-312 (2020).

[2] Rounds notes that his Utah permit allows him to carry in approximately 32 other states.

otherwise. The only incident Rounds reported was a brief verbal altercation with another driver, which apparently concluded without any violence. OAH sustained the denial, finding that the "apprehended danger" Rounds asserted amounted to no more than generalized safety concerns, which do not constitute "good and substantial" reason for carrying a handgun. Rounds petitioned for judicial review in the Circuit Court for Somerset County and a hearing was held in September 2021. The court issued a written decision upholding OAH's decision. Rounds timely appealed to this Court. Rounds has proceeded pro se through all stages of this litigation.

## DISCUSSION

### A. Parties' Contentions

Rounds contends that there is no legal authority providing that "good and substantial reason" to carry a handgun "as a reasonable precaution against apprehended danger" under Public Safety § 5-306(a)(6)(ii) requires the applicant to have already been threatened or assaulted. Rounds adds that not even MSP's Standard Operating Procedure (SOP) for evaluating permit applications—which, he points out, is not law anyway—contains any such requirement. Instead, Rounds asserts, the Secretary of MSP has arbitrarily added this requirement to accommodate his own subjective view of who should be granted a permit. Rounds also notes that the constitutionality of New York's analogous statute—specifically, its requirement that applicants for unrestricted conceal carry permits demonstrate "proper cause exists" for the issuance of such a permit, N.Y. Penal Law § 400.00(2)(f)—was challenged before the U.S. Supreme Court in November 2021 and awaited decision at the time of his appeal.

3

MSP counters that OAH's decision is, in fact, supported by substantial evidence. MSP asserts that Rounds' subjective belief about his need for a handgun permit is not determinative, and instead, the standard for "good and substantial reason" to carry a handgun is an objective one, for which some documented evidence of a threat is necessary. MSP likens the facts of Rounds' case to two previous cases—*Snowden v. Handgun Permit Review Bd.*, 45 Md. App. 464, *cert denied,* 288 Md. 742 (1980) and *Scherr v. Handgun Permit Review Bd.*, 163 Md. App. 417 (2005)—where this Court denied permits to applicants who could not demonstrate having received credible direct threats or attacks. MSP adds that its objective standard ensures consistent outcomes among applicants unlike the subjective standard that Rounds urges, and that the 2017 and 2020 disapprovals of Rounds' renewal applications are consistent with the evolution of MSP's standards.

**B. Analysis**

***Maryland statute requires carry permit applicants citing personal protection to demonstrate "good and substantial reason"***

The Criminal Law Article of the Maryland Code prohibits wearing, carrying or transporting a handgun, subject to a limited number of exceptions. Md. Code Ann., Crim. Law § 4-203(a), (b). One such exception is for individuals who apply and receive a permit to carry a handgun. *Id.* § 4-203(b)(2). Title 5, Subtitle 3 of the Public Safety Article regards handgun permits, and section 5-306 lists the qualifications for obtaining a permit for personal protection. Subsection (a) is relevant to Rounds' circumstances, and provides

> … the Secretary shall issue a permit within a reasonable time to a person who the Secretary finds:
> (1) is an adult;

(2) (i) has not been convicted of a felony or of a misdemeanor for which a sentence of imprisonment for more than 1 year has been imposed; or

    (ii) if convicted of a crime described in item (i) of this item, has been pardoned or has been granted relief under 18 U.S.C. § 925(c);

(3) has not been convicted of a crime involving the possession, use, or distribution of a controlled dangerous substance;

(4) is not presently an alcoholic, addict, or habitual user of a controlled dangerous substance unless the habitual use of the controlled dangerous substance is under legitimate medical direction;

(5) except as provided in subsection (b) of this section, has successfully completed prior to application and each renewal, a firearms training course approved by the Secretary that includes:

    (i) 1. for an initial application, a minimum of 16 hours of instruction by a qualified handgun instructor; or
2. for a renewal application, 8 hours of instruction by a qualified handgun instructor;

    (ii) classroom instruction on:
1. State firearm law;
2. home firearm safety; and
3. handgun mechanisms and operation; and

    (iii) a firearms qualification component that demonstrates the applicant's proficiency and use of the firearm; and

(6) based on an investigation:

    (i) has not exhibited a propensity for violence or instability that may reasonably render the person's possession of a handgun a danger to the person or to another; and

    (ii) **has good and substantial reason to wear, carry, or transport a handgun, such as a finding that the permit is necessary as a reasonable precaution against apprehended danger.**

Pub. Safety § 5-306(a) (emphasis added). An applicant may seek review of the Secretary's initial decision by requesting an informal review, in which the Secretary must sustain, reverse or modify the initial decision. *Id.* § 5-311. Alternatively, or after receiving a

decision from an informal review, an applicant may appeal the decision to OAH. *Id.* § 5-312(a). A final decision by OAH is appealable to the circuit court. *Id.* § 5-312(b).

The basis of the denial of Rounds' 2020 renewal is his alleged failure to demonstrate "good and substantial reason" under § 5-306(a)(6)(ii).[3] Maryland courts have interpreted this requirement to mean the applicant must demonstrate having received actual threats or assaults. *Scherr v. Handgun Permit Review Board*, 163 Md. App. 417, 436–37 (2005); *Snowden v. Handgun Permit Review Board*, 45 Md. App. 464, 466–67, 70 (1980). Accordingly, the Secretary of MSP has internally promulgated a Standard Operating Procedure for Processing Handgun Permit Applications, which mandates that applicants citing personal protection as their reason for carrying a handgun provide "[c]opies of documented evidence that the applicant's life is in imminent danger or is currently being targeted by individuals wishing to do the applicant harm." SOP 29-19-004, at section .05G(1). Likewise, it defines "Apprehended danger/fear" as "an objectively established concern that the Applicant's life is in danger or that the applicant is being targeted by individuals wishing to do him or her harm." *Id.* at section .03.

### New York statute requiring unrestricted carry applicants to demonstrate "proper cause" held unconstitutional

On June 23, 2022, the Supreme Court released its decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, reversing the U.S. Court of Appeals for the Second Circuit and holding unconstitutional New York's statutory requirement for unrestricted concealed carry permit applicants to demonstrate "proper cause" (N.Y. Penal Law §

---

[3] The parties do not dispute that Rounds satisfies all other criteria under § 5-306(a).

400.00(2)(f)). Slip op at 63. Petitioners had been denied such permits where they failed to claim any unique danger to their personal safety, thereby failing to satisfy the "proper cause" requirement. *Id.* at 6–7. Petitioners alleged that respondents, the superintendent of New York State Police and a New York Supreme Court justice in charge of overseeing the processing of their licensing applications, violated their Second and Fourteenth Amendment rights by denying their applications on the proper cause basis. *Id.* As the Court observed, 'proper cause' is not defined by any New York statute, but state courts "have held that an applicant shows proper cause only if he can 'demonstrate a special need for self-protection distinguishable from that of the general community,'" *id.* at 3 (quoting *In re Klenosky*, 75 App. Div. 2d 793, 428 N.Y.S. 2d 256, 257 (1980)), such as providing "evidence of 'particular threats, attacks or other extraordinary danger to personal safety,'" *id* (quoting *In re Martinek*, 294 App. Div. 2d 221, 222, 743 N.Y.S. 2d 80, 81 (2002)).

The *Bruen* Court held that "[w]hen the Second Amendment's plain text covers an individual's conduct"—as it does in the case of publicly carrying a handgun for personal protection—"the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 15, 23. The Court next concluded there was no "such historical tradition limiting public carry only to those law-abiding citizens who demonstrate

7

a special need for self-defense."[4] *Id.* at 29–30. Thus, the Court held New York's proper cause requirement violates the Fourteenth Amendment. *Id.* at 63.

We conclude that this ruling requires we now hold Maryland's "good and substantial reason" requirement unconstitutional. And were the similarities between this requirement and New York's now stricken proper cause requirement not self-evident enough, the *Bruen* Court expressly noted that Maryland was one of six states to "have analogues to the 'proper cause' standards,'" citing Md. Pub. Safety §  5-306(a)(6)(ii) and quoting its "good and substantial reason" language.  *Id.* at 5–6, 6 n. 2.

Concluding the "good and substantial reason" requirement of §  5-306(a)(6)(ii) is unconstitutional, we must also hold the rationale and resulting judgment of the circuit court in this case is invalid. As a result, because the only grounds on which MSP based its denial of Rounds' permit was the "good and substantial reason" provision under Pub. Safety §  5-306(a), now rendered unconstitutional, Rounds qualifies for a handgun carry permit under the remaining provisions of the statute.  On remand, we instruct the circuit court to order that MSP issue Rounds his permit as requested.

**JUDGMENT OF THE CIRCUIT COURT FOR SOMERSET COUNTY REVERSED. CASE REMANDED FOR FURTHER ACTION NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**

---

[4] The Court cautioned immediately thereafter that "nothing in our analysis should be interpreted to suggest the unconstitutionality of the 43 States' 'shall issue' licensing regimes, under which a general desire for self-defense is sufficient to obtain a [permit]." *Id.* at 29 n. 9 (internal quotation and citation omitted).